QUESTION: May the legislative and governing body of a municipality adopt an ordinance pursuant to s. 166.021, F.S., of the Municipal Home Rule Powers Act establishing a procedure for the letting of municipal contracts for the purchase of materials and supplies and for the construction of public works and public improvements which procedure is different from that contained in the municipal charter as that charter existed prior to the effective date of s.166.021?
SUMMARY: To the extent that the exercise of such power has not been expressly prohibited by law, the legislative and governing body of a municipality has the power under s. 166.021, F.S., to adopt an ordinance which amends the procedure contained in the municipal charter — as that charter existed on the effective date of s. 166.021 — relating to the letting of municipal contracts for the purchase of materials and supplies and for the construction of public works and public improvements. Section166.021(1), F.S., of the Municipal Home Rule Powers Act provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." See also s.166.021(3), id., providing that a municipality has the authority to adopt legislation concerning any subject matter upon which the State Legislature may act, except, inter alia, "[a]ny subject expressly preempted to state or county government by the constitution or by general law." In order to implement this broad grant of home rule power to municipalities, ss. 166.021(4) and (5), id., nullified and repealed, or converted into ordinances, many provisions of municipal charters which constituted limitations on, or pertained exclusively to, the power or jurisdiction of municipalities. However, s. 166.021(4) states that nothing in Ch. 166, id., is to be construed as permitting any changes in a special law or municipal charter which affect certain subject matters enumerated therein without approval by referendum of the electors as provided in s. 166.031, id. None of the subject matters enumerated in s. 166.021(4), F.S., appear to relate to the type of charter provisions to which you refer. Thus, I am of the opinion that such provisions were nullified or repealed or converted into ordinances as of the effective date of the Municipal Home Rule Powers Act; and, since it is not clear to me that such provisions were nullified and repealed, I believe it is the safer course to assume that they have become ordinances. As such, they are subject to modification or repeal as other ordinances. See s. 166.021(5), id. In conclusion, therefore, to the extent that the exercise of such power has not been expressly prohibited by law (see, e.g., s. 255.26, F.S.), the legislative and governing body of a municipality has the power under s.166.021, F.S., to adopt an ordinance which amends the procedure contained in the municipal charter — as that charter existed on the effective date of s. 166.021 — relating to the letting of municipal contracts for the purchase of materials and supplies and for the construction of public works and public improvements. If the municipal legislative and governing body wishes to place such amended procedure in the municipal charter, it must amend the charter pursuant to s. 166.031, id.